UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTY ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NNEOMA N. OJIAKU, CHIMAIHE P. OJIAKU, AND DOES 1-10 inclusive <br><br> Defendants. | No. 2:23-cv-2073 KJM CKD (PS) (UD) <br><br> ORDER |

On September 22, 2023, defendant Chimaihe P. Ojiaku, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. Notice of Removal, ECF No. 1. Ojiaku also filed a motion to proceed in forma pauperis. Mot., ECF No. 2. As explained below, the court **remands the case to the Sacramento County Superior Court and denies as moot Ojiaku's motion to proceed in forma pauperis**.

I.  **SUBJECT MATTER JURISDICTION**

   A.  **Legal Standard**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C.§ 1332.

1

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

If neither federal question jurisdiction nor diversity jurisdiction exist, 28 U.S.C. § 1443 could provide for removal. In relevant part, § 1443(1) allows for removal of civil or criminal actions brought in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. Under § 1443(1), a petition for removal must abide by a two-part test articulated in *Georgia v. Rachel*. *See Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*.

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . .");

2

*Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

**B.     Discussion**

Ojiaku's Notice of Removal asserts the court has federal question jurisdiction under § 1331 "on the factual basis that the unlawful detainer action was filed against the Defendant and that racial discrimination was the cause of filing the case," under 28 U.S.C. § 1443.  Notice of Removal, at 1-2.  Realty Advisors' complaint asserts only a claim for unlawful detainer, which is a matter of state law.  *See id.* at 8-10.

Because Realty Advisors' complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.  Plaintiff is master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Ojiaku's answer or counterclaim cannot serve as the basis for federal question jurisdiction.  *Vaden*, 556 U.S. at 60.

Neither does the court appear to have diversity jurisdiction.  Realty Advisors' complaint seeks restitution of the premises, costs of suit incurred, reasonable attorney's fees and "damages at the rate of $88.40 per day from July 1, 2023, and for each day thereafter that Defendants remain in possession of the Premises."  *See* Notice of Removal at 10.  Because these damages are not likely to total more than $75,000, and Ojiaku has provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

Additionally, § 1443 does not allow for removal.  Even if Ojiaku satisfies the first prong of the test in *Georgia*, the motion for remand will be unsuccessful because he cannot satisfy the second.  Though Ojiaku makes a cursory allegation that "Plaintiff used the state law preventing him from raising his federal claims in state court," he does not reference a particular state statute or constitutional provision.  Notice of Removal, at 4; *see Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006) (finding the second prong was not met because petitioners did not point to any "formal expression of state law that prohibits them from enforcing their civil rights in state court nor [did] they point to anything that suggests that the state court would not enforce their civil

rights in the state court proceedings"). As a result, § 1443 does not provide federal jurisdiction, and the **court remands this action to the Sacramento County Superior Court.**

## II.    REQUEST TO PROCEED IN FORMA PAUPERIS

Because the court has determined it lacks subject matter jurisdiction and remands the case to the Sacramento County Superior Court, it **denies Ojiaku's motion for in forma pauperis status as moot**.

## III.   CONCLUSION

For the foregoing reasons, this action is **remanded** to Sacramento County Superior Court, and Ojiaku's motion to proceed in forma pauperis is **denied** as moot.

This resolves ECF No. 2.

IT IS SO ORDERED.

DATED: October 2, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE